UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE FOSTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX KOSSEFF, et al.,<br><br>Defendants. | NO: 11-CV-5069-TOR<br><br>ORDER DENYING DEFENDANT ADVENTURE SAFETY INTERNATIONAL'S MOTION TO DISMISS |

BEFORE THE COURT is Defendants Alex Kosseff's and Adventure Safety International, LLC's motion to dismiss for failure to state a claim (ECF No. 33). This motion was heard without oral argument on January 14, 2013. The Court has reviewed the motion, the response, and the reply, and is fully informed.

## BACKGROUND

In this diversity case, Plaintiff seeks to recover damages for a back injury which she sustained during a fall from a recreational climbing wall maintained by her employer, Whitman College. Plaintiff alleges that Defendants Alex Kosseff and Adventure Safety International, LLC, were negligent in failing to discover the

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

1  dangerous condition which caused the accident during a safety audit commissioned

2  by Whitman College in 2007. Defendants have moved to dismiss the complaint

3  for failure to state a claim on the ground that they did not owe a duty of care to

4  Plaintiff. For the reasons discussed below, the Court will deny the motion.

## FACTS

Plaintiff Stephanie Foster ("Plaintiff") is a student enrolled at Whitman College in Spokane, Washington. In April 2008, Plaintiff was employed as a student instructor in Whitman College's Outdoor Program. One of her duties in this position was to teach other students how to properly climb and descend a recreational climbing wall located on the Whitman College campus.

On April 28, 2008, Plaintiff fell from the climbing wall during a training exercise and was seriously injured. A subsequent investigation revealed that the accident occurred when a "Super Shut" climbing anchor manufactured by Defendant Fixe Industry[1] inadvertently opened while Plaintiff was descending the wall. This investigation further revealed that the anchor opened as a result of Plaintiff using it in a manner for which it was not designed.

Approximately one year prior to Plaintiff's accident, Whitman College hired Defendants Alex Kosseff and Adventure Safety International, LLC (collectively

---

[1] Defendant Fixe Industry has never been served in this action.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 2

"ASI") to perform a "risk management audit" of the Outdoor Program's facilities. The parties sharply disagree about the scope of this audit. Plaintiff asserts that the audit extended to identifying and mitigating all risks posed to users of the climbing wall. ASI maintains that the audit was merely intended to provide Whitman College with a "general understanding" of how to improve its risk management program. In any event, it is undisputed that ASI's audit did not identify the risk that the Super Shut anchor posed when used improperly.

Plaintiff filed this lawsuit on April 22, 2011. Among other claims, Plaintiff asserts that ASI was negligent in failing to discover the risk posed by the Super Shut anchor. ASI now moves to dismiss the lawsuit for failure to state a claim on the ground that it did not owe Plaintiff a duty of care as a matter of law. Because ASI has previously filed an answer to Plaintiff's Complaint, (ECF No. 9) the Court will treat the instant motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

## DISCUSSION

A motion for judgment on the pleadings is reviewed under the same legal standard as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion to dismiss "tests the legal sufficiency of a [plaintiff's] claim." *Navarro*

*v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive such a motion, the plaintiff must allege facts which, when taken as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quotation and citation omitted).  To satisfy this plausibility standard, the allegations in a complaint must be sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Iqbal*, 556 U.S. at 678.

In addition, Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  To determine whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  Although the court should generally draw reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), it need not accept "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 4

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

**A. Consideration of the Draft Audit Report**

In support of its motion to dismiss, ASI has submitted a document entitled "Whitman College Outdoor Programs Draft Risk Management Audit" (hereafter "audit report"). ECF No. 36-1. The parties disagree about whether the Court may properly consider the contents of this document without converting the instant motion into a motion for summary judgment. On December 4, 2012, in response to Plaintiff's concerns that ASI was effectively seeking summary judgment, the Court ruled that it would treat ASI's motion "as a standard motion to dismiss, considering only (1) facts specifically alleged in the complaint; and (2) documents submitted by Defendants that were referenced in the complaint and whose

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 5

1  authenticity has not been questioned." ECF No. 52 at 3-4.  This ruling was based,

2  in large part, upon ASI's representations that it had submitted the audit report "for

3  background purposes" only and that the contents of the report were "not relevant to

4  the actual issues of law before the court." *See* ECF No. 51 at 5.

5  It has now become clear that the contents of the audit report *are* material to

6  the issues of law presented in the instant motion.  The crux of ASI's argument is

7  that it did not owe Plaintiff a duty of care because the dangerous condition which

8  caused her accident was simply "outside the scope of the risk management audit"

9  that it agreed to perform.  ECF No. 70 at 7.  Specifically, ASI argues that the scope

10 of the audit was limited to "gain[ing] a general understanding of [Whitman

11 College's] risk management practices," and that it did not "guarantee that future

12 operations will be free of safety incidents."  ECF No. 70 at 7 (citing ECF No. 71-1

13 at 9).  Because this argument expressly relies upon the contents of the audit report

14 itself, the Court must decide whether the audit report is "fair game" at this early

15 stage of the proceedings.

16 "Generally, a district court may not consider any material beyond the

17 pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard*

18 *Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).  One exception to this

19 rule is the so-called "incorporation by reference doctrine," which permits a court to

20 consider "documents whose contents are alleged in a complaint and whose

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 6

authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). As the Ninth Circuit explained in *Knievel*, this exception typically applies in "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Id.* The underlying purpose of this exception is "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (quotation and citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that that the incorporation by reference doctrine "may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings") (citations omitted).

    The Court will not consider the audit report under the incorporation by reference doctrine for several reasons. First, the contents of the report are disputed. In responding to the instant motion, Plaintiff indicates that only a portion of the document was prepared by Defendant Kosseff and that another portion may have been prepared by Whitman College prior to ASI's inspection of its facilities. ECF No. 67 at 2-3. Plaintiff further asserts that the audit report purports to be a

draft rather than a finalized document.  *See* ECF No. 36-1.  This latter assertion is particularly on-point.  Indeed, the document is styled as a "<u>Draft</u> Risk Management Audit," and has the words "Whitman College **Draft** Risk Management Audit" reproduced at the top of each page.  ECF No. 36-1 (emphasis in original).

      Second, considering the audit report at this juncture would not serve the underlying purpose of the incorporation by reference doctrine.  Notably, this is not a case in which the plaintiff has attempted to survive a motion to dismiss "by deliberately omitting documents upon which [her] claims are based."  *Swartz*, 476 F.3d at 763.  To the contrary, Plaintiff did not have a copy of the audit report (and therefore lacked knowledge of its precise contents) when this lawsuit was filed.  *See* Pl.'s Compl., ECF No. 1, at ¶¶ 15, 30-31 (alleging that Plaintiff learned of the audit report's existence from an investigation performed by the Department of Labor and Industries and that Whitman College and Defendant ASI "failed or refused" to provide her with a copy before the lawsuit was filed).

      Third, the contents of the audit report are not particularly "integral" to Plaintiff's claim.  *See Ritchie*, 342 F.3d at 908.  Unlike claims for breach of an insurance contract, for example (*see Ritchie*, 342 F.3d at 908), Plaintiff's negligence claim does not necessarily rely upon the contents of a specific document.  In fact, Plaintiff could theoretically prove the elements of her negligence claim (*i.e.*, duty, breach, causation and damages) exclusively through

1  witness testimony without introducing the audit report at all.  Further, it is worth
2  noting that the audit report is not a contract between ASI and Whitman College; it
3  is simply ASI's work product.  As such, the audit report is not particularly
4  probative of the most crucial issue in this case: whether ASI owed Plaintiff a legal
5  duty.  Although the report details specific tasks performed, it does not describe the
6  precise scope of work that that ASI *agreed* to perform.

7       Finally, equitable considerations weigh against considering the audit report
8  at this time.  At bottom, Plaintiff's negligence claim relies on the allegation that
9  ASI agreed to "analyze and point out dangers and suggest remediation of dangers
10 to prevent injury to students and employees utilizing the climbing wall."  Pl.'s
11 Compl., ECF No. 1, at ¶ 28.  ASI has attempted to establish that the audit was
12 more limited in scope and that, as a result, it did not owe Plaintiff a duty of care.
13 In so doing, however, ASI has expressly relied upon the contents of the audit
14 report.  Based upon ASI's prior representation that it would not do so, the Court
15 denied Plaintiff an opportunity to conduct additional discovery relevant to this
16 issue.  That ruling has now placed Plaintiff at a significant disadvantage.
17 Accordingly, the Court will not consider the contents of the audit report to the
18 exclusion of other evidence which Plaintiff may develop as discovery progresses.
19 //
20 //

### B. Duty Owed to Intended Third-Party Beneficiary

In light of the Court's ruling above, the only remaining issue is whether Plaintiff has stated a legally cognizable claim on the facts alleged in the complaint. In the Court's view, the relevant inquiry is whether Plaintiff was an intended third-party beneficiary of the contract between ASI and Whitman College. To the extent that Plaintiff was an intended beneficiary as an employee and student of Whitman College, ASI may have owed her a duty of care to discover the dangerous condition at issue. *See Burg v. Shannon & Wilson, Inc.*, 110 Wash. App. 798, 807-08 (2002) (holding that engineering firm had no duty of care to disclose specific safety recommendations to third party who would have benefitted from the recommendations, but who was not an intended third-party beneficiary of the underlying agreement). To the extent that Plaintiff was merely an *incidental* beneficiary of the contract, however, she lacks a cognizable claim. *Id.* Stated somewhat differently, the viability of Plaintiff's claim depends upon the extent to which ASI agreed to undertake the risk management audit for the benefit of the college's *employees and students* rather than for the benefit the college itself.

In her complaint, Plaintiff squarely alleges that the risk management audit was performed for the benefit of Whitman College's employees and students. *See* Pl.'s Compl., ECF No. 1, at ¶ 28 ("The risk assessment was done for the benefit of Whitman College and its employees and students because Whitman College

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 10

understood its duty to provide safe recreational activities and as part of good institutional management."). This allegation, which the Court must accept as true for purposes of this motion, is sufficient to establish that Plaintiff was an intended third-party beneficiary of the agreement such that ASI *may* have owed her a duty of care to discover the dangerous condition at issue. Whether Plaintiff was in fact an intended beneficiary—as well as the scope of any duty owed to her by ASI—may be revisited on summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' motion to dismiss for failure to state a claim (ECF No. 33) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of January, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge